IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RED DRAGON PARTNERS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 24-450-JLH-SRF |
| | ) |
| TRUTHMD, LLC, GEMMA | ) |
| CUNNINGHAM, CHARLES D. ROSEN, | ) |
| GARY L. WILSON, and MORGAN | ) |
| ST. JOHN, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Presently before the court in this securities action for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") is the motion to dismiss for failure to state a claim under Rule 12(b)(6), filed by defendants Morgan St. John, Gary L. Wilson, and Dr. Charles D. Rosen (collectively, the "Movants").[1] (D.I. 9)[2] For the following reasons, I recommend that the court GRANT-IN-PART the Movants' motion to dismiss.

---

[1] TruthMD, LLC ("TruthMD") and Gemma Cunningham are also defendants in this action. (D.I. 1) However, these defendants did not join in the portion of the motion to dismiss brought under Federal Rule of 12(b)(6). (D.I. 9 at 1) ("Charles D. Rosen, Gary L. Wilson, and Morgan St. John, move to dismiss Plaintiff's complaint against them pursuant to Federal Rules 12(b)(3) and 12(b)(6)[.]"). This Report and Recommendation refers to the Movants, together with TruthMD and Gemma Cunningham, as "Defendants."

[2] The briefing and filings associated with the pending motion are found at D.I. 9, D.I. 12, and D.I. 15. Plaintiff Red Dragon Partners, LLC also filed a sur-reply brief that addresses the applicability of the forum selection clause for purposes of Defendants' motion to dismiss under Rule 12(b)(3) for forum *non conveniens*. (D.I. 32) Defendants' Rule 12(b)(3) motion to dismiss was previously addressed by the Southern District of Florida, resulting in the transfer of the case to this district. (D.I. 40; D.I. 51; D.I. 60) The Report and Recommendation issued in the Southern District of Florida appears twice on the docket. (D.I. 40; D.I. 41)

I.  **BACKGROUND**

On January 18, 2023, plaintiff Red Dragon Partners, LLC ("Plaintiff") brought this action for securities fraud in the Southern District of Florida against TruthMD and four of its five officers and managers in connection with Plaintiff's purchase of five preferred units of TruthMD in three transactions occurring in 2017, 2019, and 2020. (D.I. 1) TruthMD is a limited lability company founded by defendant Gemma Cunningham, Rosen, and nonparty Dr. Sunil Malkani to provide data solutions to managed care organizations, healthcare insurers, and government agencies. (*Id.* at ¶¶ 8, 15) Plaintiff, a limited liability company whose sole member is Dr. Shailesh Gupta, is a Preferred Member of TruthMD due to its purchase of five preferred units of TruthMD under the terms of the Third Amended and Restated Limited Liability Company Agreement ("Operating Agreement"). (*Id.* at ¶¶ 7, 19)

When Plaintiff bought the preferred units, Cunningham, Rosen, Wilson, and St. John were members of TruthMD's board of managers. (*Id.* at ¶¶ 16-18) Cunningham served as Chief Executive Officer ("CEO"), Rosen served as Chief Medical Officer, Wilson served as Chairman of the Board, and St. John served as Chief Financial Officer ("CFO"). (*Id.* at ¶¶ 9-12) Dr. Malkani is an investor in TruthMD and is its most significant non-insider lender. (*Id.* at ¶ 8)

Wilson loaned TruthMD $400,000 on a short-term basis (the "Wilson Loan") in December of 2018, enabling TruthMD to continue its operations. (*Id.* at ¶¶ 21-22) If certain conditions did not occur under the terms of the Wilson Loan, Wilson could purchase a forty percent equity stake in TruthMD on favorable terms (the "Nuclear Option"). (*Id.* at ¶¶ 22-23, 28) Plaintiff and Dr. Gupta were not initially informed of the Wilson Loan or the Nuclear Option. (*Id.* at ¶ 29)

2

Cunningham approached Dr. Gupta in September of 2020 to propose the purchase of additional units by Plaintiff. (*Id.* at ¶ 34) Plaintiff specified it was interested in purchasing three existing preferred units from another investor that would not dilute existing shareholders. (*Id.*) On September 11, 2020, St. John and Cunningham sent Dr. Gupta a spreadsheet (the "Waterfall") prepared in connection with a potential acquisition of TruthMD, which had been edited by St. John to reflect the three units to be purchased by Plaintiff. (*Id.* at ¶ 35) The Waterfall did not disclose the existence of the Nuclear Option allowing Wilson to obtain a substantial percentage of TruthMD shares at a nominal price. (*Id.*)

Dr. Gupta attended a meeting with St. John, Cunningham, and a third party on September 12, 2020 to discuss Plaintiff's interest in purchasing units transferred from another investor to avoid the dilution of existing shares. (*Id.* at ¶ 36) Plaintiff agreed to purchase the three units in reliance on Cunningham's representation that the units were being transferred from another investor. (*Id.* at ¶¶ 36-37) On September 15, 2020, Cunningham sent Plaintiff the executed paperwork confirming Plaintiff's purchase of three units in exchange for $750,000. (*Id.* at ¶ 38)

The complaint alleges that Plaintiff would not have purchased the three preferred units if it had known they were newly issued units or if it had been aware of the Wilson Loan and the Nuclear Option. (*Id.* at ¶¶ 39-41) Plaintiff did not learn about the existence of the Wilson Loan until more than a year later, in December of 2021. (*Id.* at ¶ 30) Defendants allegedly took steps to hide the Wilson Loan and its Nuclear Option from outside investors. (*Id.* at ¶¶ 42-76)

On April 21, 2023, the Movants moved to dismiss the action for improper venue, lack of personal jurisdiction, and failure to state a claim. (D.I. 9) The assigned magistrate judge in the Southern District of Florida recommended that the case should be dismissed under the doctrine of forum *non conveniens* because the Delaware forum selection clause in the Operating

3

Agreement was valid and enforceable. (D.I. 41 at 8, 10-12; D.I. 9, Ex. 5 at § 11.6[3]) Plaintiff then moved to transfer venue to Delaware, and an order was entered granting Plaintiff's motion and transferring the case on April 10, 2024. (D.I. 46; D.I. 51)

The parties' joint status report filed on May 23, 2024 states that, although the matters of improper venue and lack of personal jurisdiction[4] were resolved in the Southern District of Florida, the Rule 12(b)(6) motion for failure to state a claim remains pending. (D.I. 60; D.I. 61) No request was made to supplement the existing briefing on the motion to dismiss. (*Id.*) The portion of the motion brought under Rule 12(b)(6) seeks dismissal of all seven causes of action in the complaint against Wilson, Rosen, and St. John: (1) Count I, for violation of 15 U.S.C. § 78j and SEC Rule 10b-5; (2) Count II, for control person liability under 15 U.S.C. § 78t; (3) Count III, for violation of Florida Statute § 517.301; (4) Count IV, for common law fraud; (5) Count V, for breach of fiduciary duty; (6) Count VI, for conspiracy; and (7) Count VII, for aiding and abetting. (D.I. 1 at ¶¶ 83-127) Defendants Cunningham and TruthMD have not moved for dismissal under Rule 12(b)(6).

## II. LEGAL STANDARD

Rule 12(b)(6) permits a party to seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement

---

[3] The Operating Agreement, which is attached as an exhibit to the pending motion to dismiss, may be considered on a Rule 12(b)(6) motion to dismiss because it is incorporated into the complaint by reference. (D.I. 1 at ¶¶ 19-20); *see Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[4] The Magistrate Judge in the Southern District of Florida denied the motion to dismiss for lack of personal jurisdiction because Plaintiffs have sufficient minimum contacts with the United States, as opposed to any particular state, under the federal securities laws providing nationwide jurisdiction. (D.I. 40 at 7-8)

of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true in the light most favorable to the plaintiff, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56.

When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiffs. *Umland v. Planco Fin.*, 542 F.3d 59, 64 (3d Cir. 2008). The court may consider only the allegations in the complaint, documents incorporated by reference into the complaint, and matters of which the court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

Claims under Section 10(b) of the Exchange Act and Rule 10b-5 are subject to the heightened pleading standard of the Private Securities Litigation Reform Act ("PSLRA"), which effectively subsumed the particularity requirement of Rule 9(b). *Institutional Invs. Grp. v. Avaya, Inc.*, 564 F.3d 242, 253 (3d Cir. 2009). The heightened pleading standard of the PSLRA requires a plaintiff to (1) "specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading;" and (2) "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 321 (2007) (quoting 15 U.S.C. § 78u-4(b)(1)-(2)).

5

## III. DISCUSSION

### A. Fraud-Based Claims (Counts I, III, and IV)

Each of the three fraud-based claims asserted in the complaint requires a showing of a material misstatement or omission by a defendant. To state a claim for violation of Section 10(b) of the Exchange Act and Rule 10b-5 at Count I of the complaint, Plaintiff must plead "(1) a material misrepresentation or omission, (2) scienter, (3) a connection between the misrepresentation or omission and the purchase or sale of a security, (4) reliance upon the misrepresentation or omission, (5) economic loss, and (6) loss causation." *In re Hertz Glob. Holdings Inc.*, 905 F.3d 106, 114 (3d Cir. 2018) (internal quotation marks and citations omitted); *see also Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006). Count III of the complaint alleges a violation of Florida Statute § 517.301, which prohibits "obtain[ing] money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading[.]" Fla. Stat. § 517.301(1)(a). And Plaintiff's claim for common law fraud at Count IV of the complaint requires a showing that "(1) the defendant made a false statement or omission of material fact; (2) the defendant knew the statement was false; (3) the statement was made for the purpose of inducing plaintiff to rely on it; (4) plaintiff's reliance was reasonable; and (5) plaintiff suffered damages." *Epson Am., Inc. v. Safe Space Scan Tech. LLC*, 2024 WL 4555880, at *4 (S.D. Fla. Sept. 13, 2024) (citing *Mergens v. Dreyfoos*, 166 F.3d 1114 (11th Cir. 1999)).

The Movants contend that Counts I, III, and IV should be dismissed as to Wilson and Rosen because the complaint does not plausibly allege they had any communications with Plaintiff during which they made a material omission regarding the Wilson Loan. (D.I. 9 at 16-

6

17) A review of the pleading supports the Movants' position. The complaint alleges that Wilson and Rosen "concealed the existence of the Wilson Loan and its Nuclear Option" from Dr. Gupta during the time Plaintiff was contemplating the purchase of three units of TruthMD stock.[5] (D.I. 1 at ¶ 86(c)-(d)) But omissions of material fact are only actionable if they are "necessary . . . to make the statements made, in [ ] light of the circumstances under which they were made, not misleading." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1270 (11th Cir. 2016) (quoting 17 C.F.R. § 240.10b-5).

The complaint alleges that Cunningham "circulated multiple documents and communications to Plaintiff and shareholders," "concealed the existence of the Nuclear Option during communications with Red Dragon on August 25, 2020 and September 12, 2020[,]" and "affirmatively assured Dr. Gupta that the units he planned to purchase were existing units." (D.I. 1 at ¶ 86(a)) There is no allegation that Wilson or Rosen were included in Cunningham's communications or that they separately communicated with Plaintiff during the relevant period. Thus, no plausible inference can be drawn from the pleaded allegations that Wilson and/or Rosen had an opportunity to disclose the existence of the Wilson Loan to Plaintiff yet failed to do so. *See Basic Inc. v. Levinson*, 485 U.S. 224, 239 n.17 (2014) ("Silence, absent a duty to disclose, is not misleading under Rule 10b-5.").

The Supreme Court has held that Section 10(b) and Rule 10b-5 "do not create an affirmative duty to disclose any and all material information." *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 44 (2011). Instead, "[d]isclosure is required . . . only when necessary

---

[5] The complaint also alleges that Wilson and Rosen made statements to Dr. Malkani in April of 2020, but Dr. Malkani is not a party to this action and the Movants cite no authority to support the position that statements made to Dr. Malkani are equivalent to statements made to Plaintiff. (D.I. 1 at ¶ 86(c)-(d))

7

to make . . . statements made, in the light of the circumstances under which they were made, not misleading." *Id.* (internal quotation marks and citations omitted). Because the alleged omission by Wilson and Rosen is not tied to a particular misleading statement, I recommend that the court GRANT the motion to dismiss the fraud-based causes of action brought against Wilson and Rosen. Analysis of the remaining factors is not necessary in the absence of a plausibly pled material misstatement or omission. *See Kosowsky v. Icahn Enters. L.P.*, --- F. Supp. 3d ----, 2024 WL 4181212, at *11 (S.D. Fla. Sept. 13, 2024) (addressing scienter in the alternative after concluding that the complaint failed to plead materially false or misleading statements to sustain the securities fraud claim); *see also Takata v. Riot Blockchain, Inc.*, 2023 WL 7133219, at *10 (D.N.J. Aug. 25, 2023) (declining to reach the sufficiency of scienter and loss causation allegations where the complaint failed to adequately plead a material misstatement or omission).

The analysis differs with respect to St. John. The complaint describes how "St. John modified and sent to Dr. Gupta the Waterfall, which contained multiple misrepresentations designed to conceal the Nuclear Option, despite his knowledge of same." (D.I. 1 at ¶ 86(b)) The pleading also avers that St. John was present at the meeting on September 12, 2020, but he did not disclose the existence of the Wilson Loan or correct Cunningham's representations regarding the origin of the three units for purchase by Plaintiff. (*Id.*) These allegations are sufficient to plead a plausible misrepresentation or omission. *See Woods v. Michael*, 2020 WL 13540981, at *5 (S.D. Fla. Aug. 13, 2020) (concluding that allegations regarding the defendants' intentional omission of their litigation history to induce the plaintiff's reliance were adequate to state a claim).

The pleaded averments also give rise to a strong inference of St. John's scienter by suggesting that he purposefully modified the Waterfall to conceal the Nuclear Option. (*Id.*) St.

8

John's alleged knowledge of the Nuclear Option and purposeful concealment of it gives rise to a strong inference that he was severely reckless in failing to disclose the existence of the Wilson Loan and its Nuclear Option to Plaintiff prior to Plaintiff's purchase of additional units. *See In re Opteum, Inc. Sec. Litig.*, 2009 WL 10697706, at *8 (S.D. Fla. Sept. 30, 2009) (finding compelling inference of scienter where the defendant knew of high-risk loans and failed to disclose their existence to the public).

For the foregoing reasons, I recommend that the court GRANT the motion to dismiss Counts I, III, and IV against Wilson and Rosen, and DENY the motion to dismiss Counts I, III, and IV as to St. John.

### B. Control Person Liability (Count II)

Count II of the complaint alleges a cause of action for control person liability under Section 20(a) of the Exchange Act, which allows a plaintiff to assert a derivative cause of action against individuals who exercise control over a "controlled person," including a corporation, that has violated Section 10(b). 15 U.S.C. § 78t(a). To state a claim under Section 20(a), the plaintiff must allege: (1) a primary violation of the securities laws; (2) the power of the Movants to control the general business affairs of the corporate entity; and (3) the Movants' power to directly or indirectly control or influence the specific corporate policy which resulted in primary liability. *City of Warren Gen. Employees' Ret. Sys. v. Teleperformance SE*, --- F. Supp. 3d ----, 2024 WL 3965001, at *4 (S.D. Fla. Aug. 28, 2024) (quoting *In re KLX, Inc. Sec. Litig.*, 232 F. Supp. 3d 1269, 1274 (S.D. Fla. 2017)).

Having recommended dismissal of Count I for violations of Section 10(b) and Rule 10b-5 as to Wilson and Rosen, I further recommend that the court GRANT the motion to dismiss Count II of the complaint against Wilson and Rosen. Plaintiff cannot state a claim under Section 20(a)

9

without first stating a predicate claim for primary liability under Section 10(b). *See FindWhat Investor Grp. v. FindWhat.com*, 658 F.3d 1282, 1294 n.9 (11th Cir. 2011) ("[N]o § 20(a) claim can lie without first establishing a successful § 10(b) claim.").

In contrast, the complaint alleges a plausible cause of action under Section 20(a) against St. John by stating that he had "the power to control the specific corporate policies that resulted in TruthMD's primary violations, including the content and dissemination of the various statements that Plaintiff contends were false and misleading" and acknowledging that he "had the ability to prevent the issuance of the statements or cause the statements to be corrected." (D.I. 1 at ¶ 94) This averment is further supported by the pleaded facts explaining how St. John "modified and sent to Dr. Gupta the Waterfall, which contained multiple misrepresentations designed to conceal the Nuclear Option, despite his knowledge of the same," as well as how he "neither disclosed the existence of the Wilson Loan nor corrected Cunningham's representations as to the origin of the three (3) units" during the September 12, 2020 meeting with Dr. Gupta. (*Id.* at ¶ 86(b)) St. John's alleged actions taken in his role as a Board member and executive officer are sufficient to plausibly plead that St. John had the power to control generally and the power to influence the dissemination of the material misstatements and/or omissions. *See HCM High Yield Opportunity Fund, LP v. Skandinaviska Enskilda Banken AB*, 2001 WL 36186526, at *19 (S.D. Fla. Dec. 14, 2001). Consequently, I recommend that the court DENY the Movants' motion to dismiss Count II of the complaint as to St. John.

### C. Breach of Fiduciary Duty (Count V)

The Movants argue Plaintiff's cause of action for breach of fiduciary duty should be dismissed because the complaint fails to disclose which fiduciary duty was allegedly breached. (D.I. 9 at 19-20) The complaint alleges that Defendants breached the "traditional fiduciary

10

duties of loyalty and care[.]" (D.I. 1 at ¶ 110) Plaintiff identified the duties of loyalty and care in its responsive brief, and the Movants did not revisit Count V in their reply brief. (D.I. 12 at 17; D.I. 15 at 10 n.3) Consequently, I recommend that the court DENY the motion to dismiss Count V. *See Progressive Sterilization, LLC v. Turbett Surgical LLC*, C.A. No. 19-627-CFC, 2020 WL 3071951, at *2 (D. Del. June 10, 2020) (explaining that, "as a practical matter," when "a party merely states an argument in conclusory fashion in its opening brief and then files a reply brief but does not contest in that brief the specific rebuttal points made in the answering brief, a court may rightly conclude that the party implicitly conceded those points.").

### D. Conspiracy (Count VI) and Aiding and Abetting (Count VII)

The Movants contend that Plaintiff's claims for conspiracy and aiding and abetting should be dismissed because they merely recite the elements of the causes of action without supporting factual allegations. (D.I. 9 at 20) According to the Movants, the complaint does not identify an affirmative action or agreement in furtherance of an unlawful act, which is a requirement for both claims. (*Id.*) Plaintiff does not contest the Movants' assertion that the existence of an agreement is a requirement for both the conspiracy and the aiding and abetting claims. (D.I. 12 at 17)

I recommend that the court GRANT the Movants' motion to dismiss Count VI of the complaint for common law conspiracy.[6] "To state a claim for civil conspiracy under Florida law, a plaintiff must allege: (a) an agreement between two or more parties, (b) to do an unlawful act

---

[6] After relying on the Operating Agreement's forum selection clause throughout the pending motion, the Movants do not address the applicability of the choice of law provision found in the same section of the Operating Agreement. The choice of law provision states that Delaware law should govern questions surrounding the construction, validity, interpretation, and performance of obligations under the Operating Agreement. (D.I. 9, Ex. 5 at § 11.6(i)) Both parties cite Florida and Eleventh Circuit law throughout the briefing without addressing the choice of law provision. (D.I. 9; D.I. 12; D.I. 15)

11

or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damages to plaintiff as a result of the acts done under the conspiracy." *Corbett v. Transp. Sec. Admin.*, 968 F. Supp. 2d 1171, 1190 (S.D. Fla. 2012) (internal citations and quotation marks omitted). Plaintiff directs the court to averments alleging that each Movant "(1) agreed with the other Defendants (2) to defraud investors by concealing the Wilson Loan, (3) committing an overt act . . . , thereby (4) damaging Red Dragon by inducing Red Dragon to purchase units it otherwise would not have purchased." (D.I. 1 at ¶¶ 119-21) Plaintiff does not identify any other portion of the complaint describing an agreement among Defendants to defraud investors. (D.I. 12 at 17) Instead, the conspiracy allegations reflect a bare recitation of the elements of the cause of action, which is not sufficient to state a plausible claim under Rule 12(b)(6). *See Williams v. Flagler Humane Society, Inc.*, 2013 WL 12358253, at *8 (M.D. Fla. Mar. 22, 2013) ("While [the plaintiff's] allegations track all the necessary elements of civil conspiracy, such conclusory allegations are not entitled to an assumption of truth and are insufficient to state a claim upon which relief can be granted.").

I recommend that the court GRANT-IN-PART the Movants' motion to dismiss Count VII of the complaint for aiding and abetting. A cause of action for aiding and abetting requires a showing of knowing and substantial assistance to the person(s) who committed the wrongful act. *In re Chiquita Brands Int'l, Inc. Alien Tort Statute & S'holder Derivative Litig.*, 190 F. Supp. 3d 1100, 1117 (S.D. Fla. 2016). The complaint alleges that Wilson and Rosen knew the Nuclear Option was being concealed from investors, and they substantially assisted the fraud through statements to Dr. Malkani and by not correcting what was represented to Dr. Gupta. (D.I. 1 at ¶¶ 126-27) As explained at § III.A, *supra*, the complaint does not allege that Wilson and Rosen were present when misrepresentations or omissions were made to Dr. Gupta, and statements

12

made to non-party Dr. Malkani are insufficient to state a claim against Plaintiff. Thus, the complaint does not plausibly allege how Wilson or Rosen substantially assisted the alleged fraud. I recommend that the court GRANT The motion to dismiss Count VII as to Wilson and Rosen.

However, the complaint plausibly states a claim for aiding and abetting against St. John, alleging that he

> (1) actually knew that the Nuclear Option was being concealed from investors and (2) substantially assisted the fraud by creating and circulating documents which continued to conceal its existence, including the September 11, 2020 Waterfall and the April 15, 2019, pro forma capitalization table which both concealed the existence of the Wilson Loan.

(D.I. 1 at ¶ 125) St. John's alleged involvement in modifying the Waterfall to conceal the Nuclear Option and his purported omissions at the meeting with Dr. Gupta on September 12, 2020 support a plausible inference that St. John knew about the Wilson Loan and its Nuclear Option and substantially assisted Cunningham in concealing that information and inducing Plaintiff to purchase the three units. Consequently, I recommend that the court DENY the motion to dismiss Count VII as to St. John.

## IV. CONCLUSION

For the reasons discussed above, I recommend that the court GRANT-IN-PART the Movants' Rule 12(b)(6) motion to dismiss for failure to state a claim. (D.I. 9) Specifically, I recommend that the court GRANT the motion to dismiss Counts I, II, III, IV, and VII of the complaint against Wilson and Rosen only, I recommend that the court GRANT the motion to dismiss Count VI as to all Movants, and I recommend that the court DENY the motion to dismiss in all other respects.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections

within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: February 14, 2025

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE