IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RED DRAGON PARTNERS, LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>TRUTHMD, LLC, GEMMA CUNNINGHAM, CHARLES D. ROSEN, GARY L. WILSON, and MORGAN ST. JOHN,<br><br>        Defendants. | C.A. No. 24-450-JLH-SRF |

## ORDER

At Wilmington, this 16th day of April 2025;

WHEREAS, Magistrate Judge Fallon issued a Report & Recommendation on February 14, 2025 (D.I. 62, the "R&R"), recommending that the Court grant-in-part and deny-in-part a motion to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) filed by Defendants Charles D. Rosen, Gary L. Wilson, and Morgan St. John ("Moving Defendants") (D.I. 9);

WHEREAS, on February 28, 2025, Moving Defendants Charles D. Rosen and Gary L. Wilson ("Objecting Defendants") filed Objections to the R&R (D.I. 63), objecting only to the R&R's recommendation that the motion to dismiss be denied as to Count V of the Complaint;

WHEREAS, Plaintiff has not responded to the Objections;

WHEREAS, the Court reviews the Objections *de novo*, *see* 28 U.S.C. § 636(b)(1)(C);

WHEREAS, the Objecting Defendants contend that Count V of the Complaint, which asserts a claim for breach of fiduciary duty, should be dismissed under Rule 12(b)(6) because the Complaint does "not plausibly plead that Wilson or Rosen committed an act which constituted a breach of fiduciary duty" (D.I. 63, Defendants' Objections, at 6);

WHEREAS, Judge Fallon concluded that Count V should not be dismissed for failure to state a claim because Defendants abandoned that argument (D.I. 62 at 10–11);

WHEREAS, having reviewed the issue *de novo*, the Court concludes that the Objecting Defendants abandoned the argument that the Complaint fails to state a breach of fiduciary duty claim;[1]

WHEREAS, no party filed objections to the remainder of the Report and Recommendation pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure in the prescribed period, and the Court finding no clear error on the face of the record;

NOW, THEREFORE, IT IS HEREBY ORDERED that

---

[1] Moving Defendants' Opening Brief made a cursory (one paragraph, zero citations) argument that the Complaint fails to state a breach of fiduciary duty claim because "[t]here is, quite simply, no explanation of what this alleged breach of fiduciary duty consisted." (D.I. 9, Defendants' Opening Br., at 19.) Plaintiff responded by explaining that the Complaint alleges violations of the duties of loyalty and care and citing the specific paragraphs of the Complaint asserting the violation of those duties. (D.I. 12, Plaintiff's Answering Br., at 17.) Instead of addressing Plaintiff's argument and explaining why the cited paragraphs are insufficient to state a fiduciary duty claim, the Moving Defendants did not address the issue at all in their Reply Brief. (*See generally* D.I. 15, Defendants' Reply Br.) "[W]hen, as in this case, a party merely states an argument in conclusory fashion in its opening brief and then files a reply brief but does not contest in that brief the specific rebuttal points made in the answering brief, a court may rightly conclude that the party implicitly conceded those points." *Progressive Sterilization, LLC v. Turbett Surgical LLC*, No. 19-627, 2020 WL 3071951, at *2 (D. Del. June 10, 2020) (adopting Report & Recommendation in which Magistrate Judge concluded that certain arguments were abandoned because they were omitted from the reply brief); *see also, e.g.*, *Victaulic Co. v. ASC Engineered Sols., LLC*, No. 20-887, 2022 WL 17250376, at *6, 6 n.3 (D. Del. Nov. 28, 2022) (declining to consider arguments not re-raised in the reply brief); *Estate of Albart by Albart v. Lavastone Capital LLC*, No. 20-608, 2021 WL 1063339, at *2 (D. Del. Mar. 18, 2021) (explaining that a party abandons an argument by omitting it from a reply brief and thereby "implicitly concede[s] the correctness" of the other side's position). The Objecting Defendants' filing (D.I. 63) does not even address the abandonment issue (the entire basis for Judge Fallon's ruling on Count V) and provides the Court with no basis to draw any conclusion other than that the Objecting Defendants abandoned the argument that the Complaint does not state a fiduciary duty claim by omitting it from their Reply Brief.

1. Defendants Charles D. Rosen and Gary L. Wilson's Objections to Judge Fallon's February 14, 2025 Report and Recommendation (D.I. 63) are OVERRULED;

2. Judge Fallon's February 14, 2025 Report and Recommendation (D.I. 62) is ADOPTED;

3. Moving Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim (D.I. 9) is GRANTED-IN-PART and DENIED-IN-PART:

    a. The motion is GRANTED as to Counts I, II, III, IV, and VII against Defendants Wilson and Rosen only; Counts I, II, III, IV, and VII against Defendants Wilson and Rosen are DISMISSED;

    b. The motion is GRANTED as to Count VI against the Moving Defendants; Count VI against the Moving Defendants is DISMISSED;

    c. The motion is DENIED in all other respects.

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE